IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SONIA LIZETH ALVAREZ,     :
       Petitioner,      :
                      :     1:14-CV-1786
   v.                 :
                      :     Hon. John E. Jones III
ERIC HOLDER, *et al.*,      :
       Respondents.    :

## **MEMORANDUM**

### **January 12, 2015**

On September 12, 2014, Petitioner, Sonia Lizeth Alvarez, a native and citizen of El Salvador, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her continued detention by the United States Immigration and Customs Enforcement ("ICE") and seeking release from confinement. (Doc. 1). At the time her petition was filed, Petitioner was detained at the York County Prison, in York, Pennsylvania. (*Id.*).

On January 9, 2015, Respondents filed a suggestion of mootness stating that Petitioner was released from custody on October 7, 2014, pursuant to an order of supervision, and will be residing in Houston, Texas. (Doc. 10, p. 1; Doc. 10, Attach. 1). Respondents argue that the habeas petition is therefore moot. (Doc. 10, pp. 1-2), *citing Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that

eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); *Rose v. Hodges*, 423 U.S. 19, 21 (1975); *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005).  For the reasons set forth below, the habeas petition will be dismissed as moot.

## I.    DISCUSSION

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Green v. Decker, et al.*, 2013 U.S. Dist. LEXIS 82974, *2 (M.D. Pa. 2013) (Kane, J.) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)).  Thus, when a petitioner, who challenges only her ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought.  *See Tahic v. Holder*, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011) (Nealon, J.); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (Conner, J.) (dismissing the habeas petition as moot); *Buczek v. Werlinger*, 513 Fed. Appx. 126 (3d Cir. 2013)

(dismissing appellant's appeal of the District Court's denial of his habeas petition as moot because appellant was released from custody to serve his term of supervised release).

In the present case, the habeas petition only challenges Petitioner's continued detention pending removal. *See* (Doc. 1). For relief, Petitioner requests that this Court issue an Order directing Respondents "to [i]mmediately release petitioner from custody." (Doc. 1, p. 7). Because Petitioner has since been released from custody pursuant to an order of supervision, the petition no longer presents an existing case or controversy. *See Novas v. ICE*, 303 Fed. Appx. 115, 118 n. 3 (3d Cir. 2008) (release from ICE custody moots habeas petition solely addressing the detention issue). Further, Petitioner has received the habeas relief she sought, namely, to be released from ICE custody. *See Sanchez v. Attorney General*, 146 Fed. Appx. 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released); *Green*, 2013 U.S. Dist. LEXIS 82974 (concluding that the petitioner's removal to Jamaica rendered the habeas petition moot because he received the only relief sought, his release on supervision from ICE custody); *Williams v. Sherman*, 214 Fed. Appx. 264, 265 (3d Cir. 2007) (petitioner's challenge is mooted when he is granted supervised release). Accordingly, the

instant habeas corpus petition will be dismissed as moot.

A separate Order will be issued.